**UNITED STATES of America,**
**Appellee,**

v.

**Jose ALEJANDRO, also known as Green Eyes, Defendant–Appellant.**

**Docket No. 02–1538.**

United States Court of Appeals, Second Circuit.

May 13, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment dated August 28, 2002, be, and it hereby is, AFFIRMED.

Jonathan J. Einhorn, New Haven, CT, for Appellant.

Everardo A. Rodriguez, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, of counsel), Rochester, NY, for Appellee.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

SUMMARY ORDER

Jose Alejandro appeals from the August 28, 2002, judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge* ).

A jury found Alejandro guilty of three narcotics offenses and one firearm-related offense, and the district court sentenced him principally to 250 months' imprisonment.

We dispose of Alejandro's argument as to the "knock and announce" rule in an opinion also filed today. The remainder of Alejandro's arguments we consider in this summary order.

■ Alejandro argues that the district court's jury instruction on reasonable doubt was erroneous in that it shifted the burden of proof from the government to him. "It is a fundamental tenet of American law that a criminal defendant can only be convicted if the factfinder, normally a jury, finds guilt beyond a reasonable doubt." *Chalmers v. Mitchell,* 73 F.3d 1262, 1266 (2d Cir.), *cert. denied,* 519 U.S. 834, 117 S.Ct. 106, 136 L.Ed.2d 60 (1996). It is imperative that the court instruct the jury properly on reasonable doubt. "[An] instructional error [that] consists of a misdescription of the burden of proof ... vitiates *all* the jury's findings" and must be overturned. *Sullivan v. Louisiana,* 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (emphasis in original). We have nonetheless rejected challenges similar to Alejandro's. *See, e.g., Vargas v. Keane,* 86 F.3d 1273, 1275, 1278–79 (2d Cir.) (upholding a jury instruction that a reasonable doubt is "a doubt for which you can give a reason if called upon to do so by a fellow juror in the jury room"), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996); *Chalmers,* 73 F.3d at 1266 (upholding the district court's charge to the jury that a reasonable doubt is "a doubt for which some good reason can be given"). "[J]ury instructions that imply that jurors should be ready to give a reason for their doubts are not approved and [are] perhaps unwise but [we] have never held such an instruction to be reversible error." *Id.* at

1268 (internal quotation marks omitted). "[I]n the context of the whole instruction in this case it is not reasonably likely that the jurors misunderstood the proper burden of proof. The trial court made it clear in the closing of its instruction that the burden of proof never shifts to the defendant and that no defendant is ever required to prove his innocence." *Id.* The district court therefore committed no error in its charge to the jury on reasonable doubt.

Alejandro also argues that the district court erred in denying his motion to suppress an "Igloo"-brand cooler containing drugs and money found in his apartment during his arrest, one reason being that the officers exceeded the scope of a permissible search incident to arrest when it found the cooler. "[A] protective sweep, aimed at protecting the arresting officers, if justified by the circumstances, is nevertheless not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found." *Maryland v. Buie*, 494 U.S. 325, 335, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Particularly when a district court finds that an apartment is small, an immediately adjoining room is searchable under the "protective sweep" exception. *See United States v. Lauter*, 57 F.3d 212, 216–17 (2d Cir.1995). The district court therefore did not err in finding that the bedroom and closet search that yielded the cooler fell within the scope of a permissive sweep in Alejandro's small apartment.

Finally, Alejandro maintains that the district court improperly enhanced his sentence under United States Sentencing Guidelines § 3C1.1 for having willfully obstructed justice by committing perjury at the hearing on his motion to suppress evidence. The district court specifically found that Alejandro repeatedly and willfully gave false testimony, each instance of which was material to whether evidence would be suppressed. "In determining the intent with which a defendant acted, the district court is entitled to rely on circumstantial evidence and on all reasonable inferences that may be drawn from all of the evidence." *United States v. Cassiliano*, 137 F.3d 742, 747 (2d Cir.1998). The district court's factual findings are not clearly erroneous, nor is its ultimate finding that Alejandro qualified for the section 3C1.1 enhancement in error.

For the foregoing reasons (as well as those stated in our accompanying opinion), the judgment of the district court is hereby AFFIRMED.